Dear Chief Seal:
I am in receipt of your letter requesting an Attorney General's opinion concerning whether, before the board of alderman can grant a raise to a part-time police officer, it must first give notice to you in your capacity as an elected police chief.
Your letter indicates that you are the elected chief of police of the Village of Varnado. Over the last year, you have discovered that the board of alderman has been giving raises to a part-time police officer without your knowledge. You inquire whether the board must first notify you in your capacity as police chief before giving a raise to one of your part-time subordinates.
The Village of Varnado is a Lawrason Act municipality, and therefore, it is governed by La. R.S. 33:321, et seq.
La R.S. 33:404.1 provides that "[t]he board of alderman shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. . . ." The definition of municipal officer is codified in La. R.S.33:381 which states that "[t]he officers of every municipality shall be a mayor, an aldermen, a chief of police, a tax collector, and a clerk." Thus, since a police officer is not included within the definition of a "municipal officer" under La. R.S. 33:381, the board of alderman does not have unilateral authority to grant pay increases to him.
La. R.S. 33:423 deals with the notice issue and provides, in pertinent part, as follows: "[The chief of police] shall makerecommendations to the mayor and the board of alderman for appointment of police personnel, for the promotion of officers,
to effect disciplinary action, and for dismissal of police personnel. . . ." [Emphasis added.] In the Tenth Edition of Webster's Dictionary, a synonym listed for the word "promotion" is "raise."
Making recommendations on raises for police officers to the mayor and the board of alderman is not a discretionary matter. The statute, in effect, creates a statutory duty mandating that recommendations regarding police officer raises shall be made by the chief of police to the mayor and board of aldermen. It would follow that if a police chief has such a duty, notice would have to be given to him before the mayor or board took action on a police officer's raise. Otherwise, the police chief would not be able to satisfy his duty as outlined in La. R.S. 33:423.
We hope that this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: CHRISTOPHER D. MATCHETT Assistant Attorney General